## CURTIS *vs.* JONES.

Where the defendant, in replevin for manufactured articles, avows the detention of them on the ground of a mechanic's lien, the plaintiff may plead in bar an agreement by which the lien was waived.

A party pleading an agreement must set out its terms with reasonable certainty and precision.

Where the plaintiff in replevin, in a plea in bar to an avowry justifying the detention of the property on the ground of a mechanic's lien, set up a special agreement under which he alleged that the articles were manufactured, in order to show that they were not subject to the lien, but omitted to specify the price of the work and the time of payment, *held* bad on special demurrer.

On error from the supreme court, to review a decision of that court reversing a judgment of the court of common pleas of the county of Monroe.   The action in the court below was replevin, for *eleven double sash doors.   Avowry,* setting up that they were manufactured by the defendant as a carpenter and joiner; and that he detained them by virtue of his lien as a mechanic and the manufacturer thereof, as security for the payment of money due him for work and labor, &c. in manufacturing them. *Plea in bar,* that the doors were manufactured by the defendant for the plaintiff *under and in pursuance* of an agreement theretofore made and entered into between them, whereby it was amongst other things agreed that the defendant should manufacture the articles for the plaintiff at and for a *certain price* specified, a *part* whereof was to be paid to the defendant as the work progressed and the *remainder* thereof to be paid after said doors should be completed and hung; and that, at the time of the detention, the plaintiff had paid to the defendant *all that had then become due* to him on account of the work done by him on said doors.   Verification.   The defendant demurred specially, and the plaintiff joined in demurrer.   The common pleas gave judgment for the plaintiff, and the defendant brought error to the supreme court.   The cause was argued there by *M. Fillmore* for the plaintiff, and *H. R. Selden* for the defendant.   That court *reversed* the judgment of the common pleas, the opinion being delivered, in the following terms, by

BEARDSLEY, J. The defendant justifies the detainer of the doors under his right of lien for their manufacture. It was not denied on the argument but that this defence was well pleaded ; and the only questions made arose on the plea to this avowry. The plea sets up new matter in avoidance of the bar interposed by the avowry, as the plaintiff had a right to do. For this purpose he might show, as was attempted by this plea, that the work was done under an agreement which precluded the party from setting up a lien in his favor, or which was inconsistent with the existence of such a right. (*Jones on Bailment, Phil. ed. of* 1836, *App.* 49 *to* 52 ; *Chase* v. *Westmore,* 5 *Maule & Sel.* 180 ; *Chandler* v. *Belden,* 18 *John.* 157 ; *Cross' Law of Lien,* 42, 327.) But the answer to the avowry, whatever it may be, must be properly pleaded ; and when an agreement is set up in a plea, its terms and provisions must be stated with reasonable certainty and precision. That has not been done in this instance ; the plea is general, vague and uncertain. (*Com. Dig. tit. Pleader,* *E.* 5, *C.* 22 ; *Andrews* v. *Whitehead,* 13 *East,* 102 ; *Ward* v. *Harris,* 2 *Bos. & Pul.* 265.) It should have shown what were the particulars of the agreement under which the doors were made, including, as most essential and indeed indispensable, the price and time of payment. This would have enabled the court to determine whether the right of lien continued to exist notwithstanding the special agreement, or was thereby destroyed. The plea is bad.

After argument in this court, and deliberation thereon the judgment of the supreme court was *affirmed.*